DANIEL G. BOGDEN
United States Attorney
DANIEL J. COWHIG
KILBY C. MACFADDEN
Assistant United States Attorneys
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6020

```
____ FILED         ____ RECEIVED
____ ENTERED       ____ SERVED ON
         COUNSEL/PARTIES OF RECORD

           MAY 3 1 2017

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-00078-KJD-PAL |
| Plaintiff, | CRIMINAL INFORMATION |
| vs. | |
| ROBERT CAPUTO, | **VIOLATIONS:** <br> 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud; <br> Forfeiture Allegations |
| Defendant | |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### COUNT ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud)

A.  From in or about October 2010, to in or about April 2012, in the State and Federal District of Nevada and elsewhere,

**ROBERT CAPUTO,**

defendant herein, did agree and conspire together with D.M.B., also known as "Wolf," P.M.M., S.M.S., D.A.L., A.M.Y., A.Z., A.At., B.N., B.S.L., C.T.B., D.R.T., H.R.P., J.A.L., J.Y.F., L.L., L.C.G., M.P., R.I.M., T.T., and others known and unknown:

1

1. To use the United States Postal Service and commercial interstate carriers to send money for purposes of executing a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341; and

2. To transmit and cause to be transmitted by means of wire communications in interstate commerce documents and information for purposes of executing a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

## The Objective of the Conspiracy and Scheme to Defraud

B. The objective of the conspiracy and scheme was for defendant and his coconspirators to obtain money and property from persons whom they enticed to provide advance fees to fund expenses for the sale of the victims' time share properties, sales which never occurred, a criminal scheme commonly known as "the buyer's pitch." Through this conspiracy and scheme defendant and his coconspirators fraudulently obtained more than $3,330,000.

## Manner and Means

C. The manner and means by which the objective of the conspiracy was accomplished include, but were not limited to, the following:

1. Defendant and his coconspirators operated a continuous fraudulent scheme under the business names Holiday Advertising, Professional Concepts LLC, TeleTeton Corporation, Redline Funding LLC, Great West Funding Incorporated, Equity Financial Services LLC, First Capital Financial Services Corporation, Beneficial Business Solutions, Eastern Enterprises LLC, and Community Funding Corporation, among others. Defendant and his coconspirators changed the names, mailing and shipping addresses, and physical locations of the scheme's businesses in order to dissociate the scheme from complaints made to consumer

protection and law enforcement agencies and other entities and to evade detection and apprehension by law enforcement.

      2.      Defendant and his coconspirators induced and attempted to induce victims to send money and property to the fraudulent corporations by making materially false and fraudulent pretenses, representations, and promises to them, including but not limited to: (1) the names of defendant and his coconspirators; (2) the geographic location of each of the various companies; (3) that the various companies were actively engaged in business, were licensed and authorized by law to arrange the sale of time share properties, and were in fact arranging the sale of timeshare properties, when in fact the companies were operated primarily as a means to defraud investors; (4) that a buyer had offered to purchase the victim's timeshare property, when in fact no buyer existed; and (5) that the various companies would close the sale of the victim's timeshare property within 90 days of the victim's payment, when in fact each of the fictitious companies was operated for no more than 90 days in order to dissociate the scheme from complaints made to consumer protection and law enforcement agencies and other entities and to evade detection and apprehension by law enforcement.

      3.      Defendant and his coconspirators made and caused to be made interstate wire communications to customers to induce the victims to part with money and to lull victims into believing that their investments were sound and that their funds would be recovered.

      4.      Defendant and his coconspirators sent and caused to be sent victim funds and documents by means of U.S. Mail, interstate commercial carriers, and interstate wire communications to complete the transactions.

      5.      All in violation of Title 18, United States Code, Section 1349.

///

///

# FORFEITURE ALLEGATION ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud)

1. The allegations contained in Count One of this Criminal Information are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offense charged in Count One of this Criminal Information,

**ROBERT CAPUTO,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341 and 1343, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offenses, an in personam criminal forfeiture money judgment including, but not limited to, at least $271,282 (property).

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $271,282.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1341, 1343, and 1349; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
### (Conspiracy to Commit Mail Fraud and Wire Fraud)

1.  The allegations contained in Count One of this Criminal Information are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(8)(B).

2.  Upon conviction of the felony offense charged in Count One of this Criminal Information,

**ROBERT CAPUTO,**

defendant herein, shall forfeit to the United States of America, any real or personal property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of violations of Title 18, United States Code, Sections 1341 and 1343, or of Title 18, United States Code, Section 1349, conspiracy to commit such offenses, an in personam criminal forfeiture money judgment including, but not limited to, at least $271.282 (property).

3.  If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(8)(B), as a result of any act or omission of the defendant -

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $271,282.

All pursuant to Title 18, United States Code, Section 982(a)(8)(B); Title 18, United States Code, Sections 1341, 1343, and 1349; and Title 21, United States Code, Section 853(p).

DATED this March 10, 2017

DANIEL G. BOGDEN
United States Attorney

DANIEL J. COWHIG
Assistant United States Attorney