NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
DANIEL J. COWHIG
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101-6514
(702) 388-6336 / Fax: (702) 388-6020
daniel.cowhig@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-78-KJD-PAL |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM AS TO CLINTON TAYLOR CAPUTO |
| vs. | |
| ROBERT CAPUTO, | |
| Defendant. | |

    The United States of America, through the United States' Attorney, Nicholas A. Trutanich, and the undersigned Assistant United States Attorney, Daniel J. Cowhig, submits this sentencing memorandum as to defendant Robert Caputo.

    The United States respectfully requests this Honorable Court sentence defendant Caputo to a term of custody equal to the low end of the guideline range corresponding to the offense level determined by the Court, followed by a three-year term of supervised release on the conditions recommended by the United States Probation Office.  The United States respectfully requests the Court not impose a fine, but instead enter a finding that defendant Caputo was

responsible for $3,368,857.08 in losses suffered by the victims and order defendant Caputo to pay restitution in that amount to the victims of the fraud scheme, to be named in the judgment at the time of sentencing, to be held jointly and severally liable with any codefendants.

The United States further respectfully requests this Honorable Court impose an in personam criminal forfeiture money judgment of $27,128.20, not to be held jointly and severally liable with any codefendants and with the collected money judgment amount between all codefendants not to exceed $3,300,000, consistent with the proposed final order of forfeiture.[1]

## I. Brief Summary of Factual and Procedural Context

Defendant Robert Caputo is pending sentencing after having waived his right to indictment by a grand jury and having pleaded guilty to an information alleging one count of Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 USC § 1349.  ECF 4 (Criminal Information); ECF 7 (Plea Agreement); ECF 9 (Minutes).

Defendant Caputo and his coconspirators participated in a fraudulent telemarketing scheme to cheat people who owned timeshares out of money by promising to sell their timeshares in return for the owners paying a portion of the closing costs associated with the purported sales up front.  There were no buyers.  There were no sales.  Using this scheme, the conspirators defrauded more than 1,000 victims, many of them elderly, from October 2010 through April 2012.  Defendant Caputo acted variously as both a fronter and a closer in the scheme from January 2011 through November 2011.  In that role, defendant Caputo was directly responsible for $271,282.00 in losses to the victims.

---

[1] To comply with Honeycutt v. United States, 137 S.Ct. 1626 (2017), the United States reduced the in personam criminal forfeiture money judgment amount to $27,128.20.

The defendant's Plea Agreement, ECF 7 at 5-10, and the Presentence Investigation Report prepared by the United States Probation Office on April 19, 2018, PSR paras. 8-21, include further descriptions of the offense conduct.

The Court released defendant Caputo on a personal recognizance bond pending sentencing.  ECF 8; ECF 9.  The Pretrial Services Office for this District has not reported any significant violation of bond conditions by defendant Caputo.

## II.  Offense Level Computations

In the plea agreement, the parties stipulated the Base Offense Level under USSG § 2B1.1(a)(1) as 7, with 10 additional levels based on a loss greater than $150,000 under USSG § 2B1.1(b)(1)(F), and 2 additional levels based on more than 10 victims under USSG § 2B1.1(b)(2)(A), resulting in an adjusted offense level of 19.  ECF 7 at 11:11-15.

Based on defendant Caputo's timely plea of guilty,[2] the United States motions the Court for the application of USSG §§ 3E1.1(a) and (b), affording a 2-level reduction under USSG § 3E1.1(a) and a further 1-level reduction under USSG § 3E1.1(b).  With these adjustments, the final total offense level stipulated by the parties was 18.  *Id*. at 11:16-18.

The United States Probation Office applied the same offense level computations.  PSR at paras. 26-36.

/ / /

---

[2] The United States conditioned its commitment to recommend reductions for acceptance of responsibility under USSG §§ 3E1.1(a) and (b).  *See* ECF 7 at 11:20-12:13.  The United States believes the defendant has met the conditions set out in the plea agreement.

### III. Criminal History Computation

The USPO calculated defendant Caputo's total Criminal History Score as 1. PSR at paras. 38-43. The USPO calculated defendant Caputo's Criminal History Category as I. PSR at paras. 44. The United States concurs with those calculations.

### IV. The Parties' Positions Regarding Sentence under the Plea Agreement

Under the Plea Agreement, "the United States may argue for any sentence within the Sentencing Guidelines range corresponding to the offense level determined by the court"[3] and "the defendant may request a sentence below the Sentencing Guidelines range determined by the court pursuant to 18 USC § 3553." ECF 7 at 14:13-20.

### V. Applicable Law

Under Title 18, United States Code section 3553(a), the factors to be considered when imposing a sentence include both "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 USC § 3553(a)(1).

Title 18, United States Code section 3553(a) mandates that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 USC § 3553(a)(2). Those purposes include "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or

---

[3] The United States conditioned its commitment to restrict its sentencing argument to this position. ECF 7 at 14:17-20. The United States believes the defendant has met the conditions set out in the plea agreement.

vocational training, medical care, or other correctional treatment in the most effective manner." 18 USC § 3553(a)(2).

The law also requires the Court to consider "the kinds of sentences available," 18 USC § 3553(a)(3); "the kinds of sentence and the sentencing range established … set forth in the guidelines … issued by the Sentencing Commission pursuant to" Title 28, United States Code section 994(a)(1), 18 USC § 3553(a)(4), and; pertinent policy statements issued by the sentencing Commission, 18 USC § 3553(a)(5).

Section 3553(a) also requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 USC § 3553(a)(6).

Finally, section 3553(a) requires the Court to consider "the need to provide restitution to any victims of the offense." 18 USC § 3553(a)(7).

### VI.  United States' Sentencing Recommendation and Rationale

The United States respectfully requests this Honorable Court sentence defendant Caputo to a term of custody equal to the low end of the guideline range corresponding to the offense level determined by the Court, "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Title 18, United States Code section 3553(a)(2).

Taken as a whole, the nature and circumstances of the offense present neither aggravating nor mitigating factors that would militate for an upward or downward variance or departure from the guideline range.  PSR at paras. 82-83; *see* 18 USC §§ 3553(a)(3) – (5).  Here, imposition of a guideline range sentence would adequately address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 USC § 3553(a)(6).

A period of confinement within the guideline range corresponding to the offense level determined by the Court is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. 3553(a)(2)(A). Defendant Caputo participated in an extensive and long-running fraud scheme that preyed upon victims across the United States. The scheme turned on the ability of the conspirators to gain and abuse the trust and goodwill of their victims, inflicting more than a simple financial loss. Defendant Caputo and his fellow conspirators defrauded more than 1,000 victims, many of them elderly, of more than $3,300,000. Acting variously as both a fronter and a closer in the scheme from January through November of 2011, defendant Caputo was directly responsible for $271,282.00 in losses to the victims. Defendant Caputo's role in the scheme required that he personally commit repeated, deliberate acts of deception with the clear purpose of obtaining then betraying the confidence of the victims for his own financial gain. The guidelines reflect the nature and characteristics of the scheme and defendant Caputo's role in it.

Defendant Caputo's acceptance of responsibility, demonstrated principally in his entry of a plea acknowledging the scheme and his role in it, indicates that a term of custody equal to the low end of the guideline range corresponding to the offense level determined by the Court is appropriate. Such a sentence would "afford adequate deterrence to criminal conduct," 18 USC § 3553(a)(2)(C), and be sufficient to "protect the public from further crimes of the defendant," 18 USC § 3553(a)(2)(D).

/ / /

/ / /

/ / /

/ / /

/ / /

The United States respectfully requests this Honorable Court sentence defendant Caputo to a term of custody equal to the low end of the guideline range corresponding to the offense level determined by the Court, followed by a three-year term of supervised release on the conditions recommended by the United States Probation Office.  Further, the United States respectfully requests the Court not impose a fine, but instead enter a finding that defendant Caputo was responsible for $3,368,857.08 in losses suffered by the victims and order defendant Caputo to pay restitution in that amount to the victims of the fraud scheme, to be named in the judgment at the time of sentencing, to be held jointly and severally liable with any codefendants.

Dated April 24, 2019

                                            NICHOLAS A. TRUTANICH,
United States Attorney

_____//s//_____
DANIEL J. COWHIG
Assistant United States Attorney

CERTIFICATE OF SERVICE

I, Daniel J. Cowhig, certify that the following individual was served with a copy of the UNITED STATES' SENTENCING MEMORANDUM on this date by the Electronic Case File system:

    Frank H Cofer , III
    Cofer & Geller, LLC
    601 South Tenth Street
    Las Vegas, NV 89101
    702−777−9999
    Fax: 702−777−9995
    Email: fcofer@cofergeller.com
    Attorney for Robert Caputo

DATED: April 24, 2019

                                                    //s//
                                      DANIEL J. COWHIG
                                      Assistant United States Attorney